REAVLEY, Circuit Judge,
concurring:
I agree that the summary judgment should be reversed, but I disagree with the ruling to deny the trier of fact the testimony of these highly qualified expert witnesses. There are fact issues, primarily the extent of exposure of the plaintiff to the chemical vapors and the diagnosis of his ailment. There may be a disagreement between the experts about what, if anything, it would take for inhalation of these vapors to damage the lungs to the extent of progressive disease. If that bears on the decision of the diagnosis and is in question, the trier of fact needs the assistance of these experts.
*473 It is simply incredible to me to decide that Dr. Schlesinger is an unreliable source for any scientific question in this case. And the same is true of the other expert witnesses appearing in this record. But certainly Dr. Schlesinger is an eminent authority on respiratory toxicology and the study of the adverse effects of exposure to inhaled chemicals. Relying on the diagnosis made by Dr. Grodzin that the patient suffers from restrictive lung disease, Dr. Schlesinger explains the path of physiological response of the lungs inhaling these damaging vapors. And no one will deny that MBTC and hydrochloric acid, if inhaled to some extent, will damage the lungs. The majority in this opinion accept that testimony for “acute injuries,” but decide not to allow proof of any relation to progressive disease.
The district court excluded the testimony of Dr. Schlesinger because he could not cite fully tested and peer reviewed studies proving that hydrochloric acid can cause restrictive lung disease. That significant damage may be done is merely factual information. The possible extent of damage from breathing these chemicals may be at issue and will require the testimony of fully qualified and experienced experts, of which Dr. Schlesinger is surely one. There are no studies to meet the requirement of the district court, and that is not surprising. How would that study be designed and conducted, by obtaining a large population of people to breathe this chemical vapor or that vapor in this volume or that volume, then to have their lung function tested and maybe biopsied? Where would so many persons be found to be subjected to this?
Studies- that the district court required may prove helpful in determining the reliability of a particular scientific “theory or technique,” Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993), but that is no checklist and reliability may depend on “the nature of the issue, the expert’s particular expertise, and the subject of his testimony.” Kumho Tire Company v. Carmichael, 526 U.S. 137, 119 S.Ct. 1167, 1175, 143 L.Ed.2d 238 (1999). The trial court erred in excluding testimony that is possibly relevant and clearly reliable.